UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DANA DOUGLAS | * | CIVIL ACTION |
| VERSUS | * | NO. 21-599 |
| ST. JOHN THE BAPTIST PARISH LIBRARY BOARD OF CONTROL, ET AL. | * | M.J. CURRAULT |

## ORDER AND REASONS

Before me are two motions, a Motion to Dismiss Pursuant to Rule 12(b)(6) filed by Defendant St. John the Baptist Parish Council (ECF No. 18) and a Partial Motion to Dismiss Under Rule 12(b)(6) by Defendant St. John the Baptist Parish Library Board of Control (ECF No. 19). Plaintiff Dana Douglas filed a timely Opposition Memorandum. ECF No. 21. The Board sought leave and filed a Reply Memorandum. ECF No. 24. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant Council's motion to dismiss is GRANTED and Defendant Board's motion to dismiss is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I.    BACKGROUND

Plaintiff is an African American woman who was hired on January 8, 2018, to serve as an Assistant Director for St. John the Baptist Parish Library Board of Control (the "Board"), and the Board members are appointed by the St. John the Baptist Parish Council (the "Council"). ECF No. 16, at ¶¶ 1–4. At that time, Trina Smith, also an African American female, served as the Library Director. *Id.* ¶ 6. Plaintiff alleges that Board member Maria Coy (a Caucasian female) began a pattern of harassment directed to African Americans including Plaintiff and her African American Director, including unannounced visits, unjustified accusations, criticisms, demeaning

1

comments, and public humiliation. *Id.* ¶¶ 11–27. After termination, Plaintiff filed an EEOC charge alleging discrimination based on age, race and retaliation. *Id.* ¶ 41. Following receipt of the EEOC determination letter, Plaintiff filed this suit for race-based harassment and discrimination as well as retaliation in violations of Title VII and Louisiana's Employment Discrimination Laws. *Id.* ¶¶ 45–55. Plaintiff also asserts a claim of defamation. *Id.* ¶¶ 56–59.

Both the Board and the Council have filed motions to dismiss. The Council argues that Plaintiff makes no specific allegations against the Council nor does she allege vicarious liability (ECF No. 18-1, at 2), and when she appeared to report the conduct to the Council, she was advised that the Council lacked authority to control the actions of the Board. *Id.* at 3. The Council argues that it did not employ any of the relevant actors and the Board hires and manages its own employees. *Id.* at 5.

While disputing the merits of her claims, the Board concedes that Plaintiff has sufficiently stated a claim for race discrimination and retaliation, but seeks dismissal of her harassment and defamation claims. ECF No. 19-1, at 1–2. It argues that Plaintiff has not alleged sufficient facts to state a viable claim for harassment under either Title VII or Louisiana's Employment Discrimination Laws because she has not alleged she was subjected to unwelcome harassment based on her race. *Id.* at 2; *see also* ECF No. 24, at 2. Citing the well-established principle that Title VII is not a general code of civility that protects against "hostility" rather than only "discriminatory hostility," the Board contends that Plaintiff fails to allege facts that support an inference that the race-neutral acts of harassment were because of her race. ECF No. 24, at 4–5. The Board also asserts that Plaintiff's defamation claim is time-barred. ECF No. 19-1, at 2.

In response, Plaintiff concedes that the Council's motion to dismiss is well-founded and that the Board's motion to dismiss any defamation claims is proper. ECF No. 21, at 5 & n.11.

2

Accordingly, the Council's motion and the Board's motion with regard to any defamation claim will be granted. Plaintiff argues that dismissal of her hostile work environment claims is improper, however, because a plaintiff need not have "direct evidence" of discriminatory animus to support a claim for harassment. *Id*. at 3–4. Rather, the Federal Rules of Civil Procedure's notice pleading system does not require the evidentiary specificity demanded by the Board. *Id.* at 2.

## II.      LAW AND ANALYSIS

To establish a prima facie case of hostile work environment based on racial harassment a plaintiff must establish:

(1) she belongs to a protected class;
(2) she was subjected to unwelcome harassment;
(3) the harassment was based on race;
(4) the harassment affected a term, condition, or privilege of employment; and
(5) the employer knew or should have known of the harassment and failed to take prompt remedial action.[1]

The plaintiff must subjectively perceive the harassment as sufficiently severe and pervasive, and plaintiff's subjective perception must be objectively reasonable.[2] To determine whether conduct is objectively offensive, the totality of the circumstances is considered, including: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance."[3]

A workplace environment is hostile when it is "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of

---

[1] *McVille v. Inter-Cmty. Healthcare, Inc.*, No. 09-6243, 2011 WL 288962, at *5 (E.D. La. Jan. 25, 2011) (citing *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 393 (5th Cir. 2007), *aff'd*, 460 F. App'x 353 (5th Cir. 2012). The fifth element does not apply when the alleged harasser is a supervisor. *Id.* (citing *LeMaire*, 480 F.3d at 393 n.2 (citing *Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999))).
[2] *Id.* (citing *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir.2003) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S., 17 (1993))); *see also EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007) (citation omitted) (stating that not only must a plaintiff perceive the environment to be hostile, but it must appear hostile or abusive to a reasonable person).
[3] *EEOC*, 496 F.3d at 399 (citing *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993)).

the victim's employment."[4]  Only substantial and serious incidents violate Title VII.[5]  Minor incidents like "teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."[6]  This allows courts to "filter out complaints attacking the ordinary tribulations of the workplace, such as sporadic use of abusive language, gender-related jokes, and occasional teasing."[7]  Likewise, heightened scrutiny of an employee by a supervisor is generally not the type of harassment that can support a hostile work environment claim.[8]

A motion to dismiss for failure to state a claim, however, is not meant to resolve disputed facts or test the merits of a lawsuit.[9]  Rather, it tests whether, even in plaintiff's best-case scenario, the complaint does not state a plausible case for relief.[10]  As the Fifth Circuit recently explained in *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595 (5th Cir. 2021), the analysis is governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and not the evidentiary standard of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).[11]  Thus, a plaintiff does not have to submit evidence

---

[4] *Alaniz v. Zamora–Quezada*, 591 F.3d 761, 771 (5th Cir. 2009) (quoting *Harris*, 510 U.S. at 21).
[5] *Leal v. Sinclair Broad. Grp.*, No. A-16-CV-679 DAE, 2018 WL 6172526, at *6 (W.D. Tex. Nov. 26, 2018); *accord Gooden v. Dr. Pepper Snapple Grp., Inc.*, No. 4:12CV661, 2013 WL 5782443, at *7 (E.D. Tex. Oct. 25, 2013).
[6] *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotations and citations omitted).
[7] *Id.* (citation omitted).
[8] *See Brown v. Liberty Mut. Grp., Inc.*, 616 F. App'x 654, 657 (5th Cir. 2015) (citation omitted) (noting that job-related criticisms are unlikely to support a hostile work environment claim); *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 564 (5th Cir. 1998) (holding that the court will not elevate a few harsh words or cold-shouldering to the level of an actionable offense); *McCray v. DPC Indus., Inc.*, 942 F. Supp. 288, 293 (E.D. Tex. 1996) (citation omitted) (holding that prima facie case of hostile work environment based on race requires plaintiff to show more than he was treated badly and that he was black); *see also Combs–Burge v. Rumsfeld*, 170 F. App'x 856, 862 (4th Cir. 2006) (stating that "counseling [an employee] about performance deficiencies and assigning her remedial tasks to correct those deficiencies . . . is not the type of conduct that is objectively abusive because it was the direct result of the documented shortcomings in [the employee's] job performance"); *Martinelli v. Penn Millers Ins. Co.*, 269 F. App'x 226, 228 (3d Cir. 2008) (finding that an employer's scrutiny of an employee's work, "while unpleasant and annoying, did not create . . . [a] hostile work environment . . . ."); *Harrington v. Disney Reg'l Ent., Inc.*, No. 06–12226, 2007 WL 3036873, at *12 (11th Cir. Oct.19, 2007) (finding no hostile environment when an employer allegedly subjected the employee to unfair discipline); *Harbuck v. Teets*, 152 F. App'x 846, 848 (11th Cir. 2005) (finding no hostile work environment when the employer allegedly subjected the employee to heightened scrutiny).
[9] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).
[10] *Id.*
[11] *Olivarez*, 997 F.3d at 599-600 (citing *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotations omitted) (citing Raj v. La. State Univ., 714 F.3d 322, 331 (5th Cir. 2013))); *see also Wright v. Union Pac.*

to establish each element of the *McDonnell Douglas* prima facie case to survive a Rule 12(b)(6) motion, but she must plead sufficient facts on all of the ultimate elements to make her case plausible.[12]  And since *McDonnnell Douglas* will ultimately govern when a plaintiff relies on indirect evidence of discrimination, it can be helpful to reference that framework when the court is determining whether a plaintiff has plausibly alleged the ultimate elements of her claim.[13]  At this point, however, Rule 8, *Swierkiewicz* and *Twombly* govern, which require that a complaint set forth sufficient factual content to establish a right to relief above the speculative level, with details beyond that threshold available through discovery.[14]

Defendant seeks dismissal based solely on whether Plaintiff has sufficiently alleged that the hostile environment was based on her race.  ECF No. 19, at 6-7.  It does not argue that dismissal is proper due to Plaintiff's failure to allege facts that establish a severe or pervasive hostile environment.  A review of Plaintiff's complaint reflects that she does not allege any race-based hostile remarks. She does, however, link the alleged hostile acts to her race and explicitly alleges that she was subjected to a hostile environment based on her race. [15]   See ECF No. 16, ¶¶ 11 (alleging Ms. Coy had a history of antagonizing and attacking the performance of African American employees); 13 (alleging Coy had a "history of attacking African-Americans"); 17 (alleging Coy engaged on a "relentless campaign against the two highest-ranking African-American women"); 22 (alleging plaintiff notified the Board that she had "consistently been harassed and attached by Ms. Coy because she is African-American."); 28 (alleging "Coy never

---

*R.R. Co.*, 990 F.3d 428 (5th Cir. 2021) (citations omitted) (holding that plaintiff need only plausibly allege facts going to the ultimate elements, but need not submit evidence to survive a motion to dismiss).
[12] *Chhim v. Univ. of Tex. at Austin,* 836 F.3d 467, 470 (5th Cir. 2016).
[13] *Cicalese*, 924 F.3d at 767 (quoting *Chhim*, 836 F.3d at 470).
[14] *Swierkiewicz*, 534 U.S. at 512–14; *see also Olivarez*, 997 F.3d at 599.
[15] *But see English v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019) (granting Rule 12(b)(6) motion dismissing hostile environment claims based on age and sex where plaintiff's allegations rendered it merely speculative that his sex or age caused the various forms of hostile treatment that he allegedly endured).

5

attacked the competence or character of any other non-African-American employees . . . under the Board's authority"); and 29 (alleging plaintiff was subjected to harassment and disparate treatment "based solely on her race").  Whether Plaintiff will have sufficient evidence, not just a subjective belief, to support her factual assertions as necessary to survive summary judgment remains to be seen.  At this point, however, Plaintiff has set forth sufficient allegations to support an inference that she suffered hostile treatment based on her race.

      Accordingly, for the foregoing reasons,

      IT IS ORDERED that Defendant St. John the Baptist Parish Council's Motion to Dismiss (ECF No. 18) is GRANTED;

      IT IS FURTHER ORDERED that Defendant St. John the Baptist Parish Library Board of Control's Motion for Partial Dismissal (ECF No. 19) is GRANTED IN PART AND DENIED IN PART; Plaintiff's defamation claim is dismissed as time-barred, but the court denies the request for Rule 12(b)(6) dismissal of Plaintiff's claim for hostile environment based on race.

      New Orleans, Louisiana, this __23rd__ day of June, 2021.

                                                   DONNA PHILLIPS CURRAULT
                                         UNITED STATES MAGISTRATE JUDGE